UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| STEPHEN L. SWARBRICK, CESAR LOPEZ, and ELIZABETH FESTEJO<br><br>Plaintiffs,<br><br>v.<br><br>UMPQUA BANK, an Oregon state chartered bank; WESTERN SIERRA NATIONAL BANK, a federally chartered financial institution; and DOES I through XX, inclusive,<br><br>Defendants. | No. 2:08-cv-00532-MCE-DAD<br><br><br><br>MEMORANDUM AND ORDER |

Plaintiffs Stephen L. Swarbrick ("Swarbrick"), Cesar Lopez ("Lopez"), and Elizabeth Festejo ("Festejo") (herinafter collectively referred to as "Plaintiffs") seek monetary relief against Defendants Umpqua Bank ("Umpqua"), Western Sierra National Bank ("Western Sierra") and DOES I through XX (hereinafter collectively referred to as "Defendants"), arising out of an employment dispute regarding unpaid commissions.

///

1

Presently before the Court is Umpqua's Motion to Compel Arbitration, which alleges that Plaintiffs are bound to submit their claims to arbitration pursuant to their respective employment agreements with Western Sierra, and their third-party beneficiary claims arising under an agreement between Western Sierra and Woodbury Financial Services, Inc. ("Woodbury"). For the reasons set forth below, Umpqua's Motion to Compel Arbitration is granted.

## BACKGROUND

Plaintiffs are former employees of Western Sierra, a banking institution acquired by Umpqua on or about June 3, 2006. Plaintiffs executed employment agreements with Western Sierra. These agreements contained an arbitration provision requiring all claims arising under the agreements to be submitted to arbitration by the American Arbitration Association ("AAA").

On or about July 22, 2003, Western Sierra and Woodbury entered into a third-party brokerage agreement ("Woodbury Agreement"), whereby some Western Sierra employees would sell securities as representatives of Woodbury. Under this agreement, Woodbury would pay commissions to Western Sierra based on the representatives' securities sales, Western Sierra would deduct commissions arising from sales made to its customers, and then Western Sierra would remit the appropriate remaining commission to each representative.

///
///

On July 21, 2006, Lopez requested arbitration through the AAA to resolve a dispute regarding severance pay, alleging that California law requires Umpqua to pay for the arbitration. Following Umpqua's refusal to pay, Lopez withdrew his arbitration request.  Umpqua alleges Lopez's withdrawal resulted from a ruling by the AAA that his employment agreement was an "individually-negotiated employment agreement" and not an "employer promulgated plan" (as defined by the AAA), and thus he would be responsible for certain arbitration fees.

On January 23, 2008, Plaintiffs filed their Complaint for Damages in state court alleging breach of contract to third-party beneficiary, breach of fiduciary duties, unjust enrichment, breach of California Labor Code §§ 201 and 203, and breach of employment contract.  Plaintiffs allege Defendants failed to pay Plaintiffs all commissions due under the Woodbury Agreement. Lopez further alleges that under his employment contract with Western Sierra, Western Sierra agreed to pay Lopez an agreed upon sum in the event of a merger or consolidation such as the Umpqua-Western Sierra acquisition.  Lopez alleges Western Sierra unlawfully failed to pay this sum.

On March 7, 2008, Umpqua successfully removed the action to this Court under diversity jurisdiction.

On March 14, 2008, Umpqua filed this Motion to Compel Arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 ("FAA").  Umpqua alleges that arbitration is the required dispute resolution forum for Plaintiffs' claims, pursuant to their respective employment agreements with Western Sierra, and their third-party beneficiary claims arising under the Woodbury Agreement.

3

1 **STANDARD**
2
3     When a contract contains an arbitration clause, there is a
4 presumption of arbitrability. <u>AT & T Techs., Inc. v. Commc'ns</u>
5 <u>Workers of America</u>, 475 U.S. 643, 650, 106 S. Ct. 1415, 1419
6 (1986). Arbitration should be compelled unless it is clear that
7 the dispute is not covered by the arbitration agreement. <u>United</u>
8 <u>Steelworkers of America v. Warrior & Gulf Navigation Co.</u>, 363
9 U.S. 574, 582-583 (1960). Any doubts should be resolved in favor
10 of arbitration. <u>Id</u>. at 583. In making this decision, the court
11 looks only at whether the parties agreed to arbitrate the claim,
12 not to the merits of the claim itself. <u>AT & T Techs.</u>, 475 U.S.
13 at 649-650.
14     If the existence of an arbitration agreement between the
15 parties is proven or undisputed, the party opposing arbitration
16 has the burden of proving any fact necessary to its defense.
17 <u>Engalla v. Permanente Medical Group, Inc.</u>, 15 Cal. 4th 951, 972
18 (1997). Under the FAA, arbitration agreements "shall be valid,
19 irrevocable, and enforceable, save upon such grounds as exist at
20 law or in equity for the revocation of any contract." 9 U.S.C.
21 § 2. "Thus, generally applicable contract defenses, such as
22 fraud, duress, or unconscionability, may be applied to invalidate
23 arbitration agreements without contravening" federal law.
24 <u>Doctor's Assocs., Inc. v. Casarotto</u>, 517 U.S. 681, 687, 116 S.
25 Ct. 1652 (1996).
26 ///
27 ///
28 ///

4

When an opposing party's defense rests on the contract principle of unconscionability, the party must prove both procedural and substantive unconscionability to overcome the statutory presumption in favor of arbitration. <u>Circuit City Stores, Inc. v. Ahmed</u>, 283 F.3d 1198, 1199 (9th Cir. 2002); <u>Armendariz v. Found. Health Psychcare Servs., Inc.</u>, 24 Cal. 4th 83 (2000). However, procedural and substantive unconscionability need not be present in equal amounts. <u>Armendariz</u>, 24 Cal. 4th at 83. The two factors are evaluated on a "sliding scale," therefore, the more evidence of procedural unconscionability there is, the less evidence of substantive unconscionability is needed to render the agreement unenforceable, and vice versa. <u>Id</u>. If the opposing party fails to prove the existence of procedural unconscionability, no finding of unconscionability is possible, and the court's analysis ends. <u>Ahmed</u>, 283 F.3d at 1199-1200.

**ANALYSIS**

The United States Supreme Court has expressed a strong policy in favor of enforcing arbitration agreements, stating that under the FAA, arbitration agreements between private parties must be "rigorously enforced." <u>Perry v. Thomas</u>, 482 U.S. 483, 490, 107 S. Ct. 2520, 2526 (1987). The Supreme Court has extended this policy into the employment context, noting that "there are real benefits to the enforcement of arbitration provisions" in the employment context. <u>Circuit City Stores, Inc. v. Adams</u>, 532 U.S. 105, 122-23 (2001).

These arbitration benefits include "simplicity, informality, and expedition." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 31, 111 S. Ct. 1647, 1655 (1991) (citing Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 628, 105 S. Ct. 3346, 3354 (1985)).

Under diversity jurisdiction, state contract law governs the enforceability analysis of an arbitration agreement. Circuit City Stores, Inc. v. Adams, 279 F.3d 889, 892 (9th Cir. 2002). Therefore, in the instant case, the Court will apply California contract law. Id. The parties do not dispute the existence of individual employment agreements with Western Sierra, signed by each Plaintiff, containing arbitration provisions that encompass the claims at issue. As such, Plaintiffs have the burden to prove these arbitration provisions were unconscionable at the time of signing, and are therefore unenforceable under general principles of contract law. Engalla, 15 Cal. 4th at 972.

Under California law, Plaintiffs must prove both procedural and substantive unconscionability to overcome the statutory presumption in favor of arbitration. Armendariz v. Found. Health Psychcare Servs., Inc., 24 Cal. 4th (2000). The analysis of procedural unconscionability focuses on "oppression or surprise, due to unequal bargaining power" while substantive unconscionability is based on "overly harsh or one-sided results." Soltani v. Western & Southern Life Ins. Co., 258 F.3d 1038, 1042 (9th Cir. 2001) (citing Armendariz, 24 Cal. 4th at 114).

///
///

Though procedural unconscionability is generally proven by a showing of contractual adhesion, "[t]here will be cases ... where procedural unconscionability is obvious without the need to establish that the contract is one of adhesion." Nyulassy v. Lockheed Martin Corp., 120 Cal. App. 4th 1267, 1281 (2004).

Plaintiffs contend that the arbitration agreements are procedurally unconscionable because they provide that the arbitration will follow the AAA rules, which were not provided to Plaintiffs at the time of signing.  Plaintiffs claim that Defendants failed to notify them of the costs Plaintiffs would incur should they choose to seek resolution of a dispute, and therefore Plaintiffs could not make an informed decision regarding arbitration.

Plaintiffs rely on Fitz v. NCR Corporation, where the employer incorporated the AAA's arbitration rules by reference, and did not attach them to the agreement.  Fitz, 118 Cal. App. 4th 702 (2004).  The court in Fitz held that unfair provisions within the employer's arbitration agreement conflicted with the AAA rules, and thus the employer's mere incorporation of the AAA rules was procedurally unconscionable.  Id. at 721.  However, the present case is distinguishable from Fitz, because these arbitration agreements do not contain provisions conflicting with the AAA rules.  Lucas v. Gund, Inc., 450 F. Supp. 2d 1125, 1131 (C.D. Cal. 2006).  Mere incorporation of the AAA rules may have been "procedurally unfair," but does not constitute procedural unconscionability.  Id.

///
///

7

Therefore, the agreement would be unenforceable only if "the [incorporated] rules were substantively unconscionable," and such a finding is unsupported in this case. Id. Plaintiffs also claim that because the arbitration provisions specify that a dispute will be governed by the then current rules of the AAA, the lack of notice is even more profound, because Plaintiffs could not know what these rules contained at the time of signing. The Lucas court rejected this argument, holding that as long as there is no question regarding which rules apply, the rules are enforceable. Id. at 1132.

Plaintiffs also rely on Harper v. Ultimo, where a maintenance contract incorporated the Better Business Bureau ("BBB") arbitration rules without providing those rules to the customer. Harper, 113 Cal. App. 4th 1402 (2003). The court in Harper noted that the customer would have to research the BBB rules, prior to signing, in order to "find out the full import of what he or she is about to sign," and thus the contract was unconscionable. Id. at 1406. The situation in Harper is distinguishable from the instant case, as the BBB rules limited the remedies available through arbitration, and the AAA rules provide "any remedy or relief that would have been available ... had the matter been heard in court." Lucas, 450 F. Supp. 2d at 1131 (citing AAA Employment Dispute Rule 39). Here, the arbitration provisions, as in Lucas, simply incorporate the AAA rules, do not contain conflicting provisions, and do not limit the scope of available remedies. Thus, Defendants' failure in providing the AAA rules to Plaintiffs, standing alone, does not warrant a finding of procedural unconscionability.

Plaintiffs also claim that the arbitration agreements are procedurally unconscionable because they, via the AAA rules, require Plaintiffs to pay arbitration-specific costs including filing fees, expenses, and half of the arbitrator's compensation. To support this claim, Plaintiffs cite the California Supreme Court's holding in Armendariz, which stated that to enforce an arbitration agreement required as a mandatory condition of employment, employers must "pay all of the costs that are unique to arbitration," where unwaivable statutory rights are at issue. 24 Cal. 4th at 113. The Armendariz holding was extended to include "unwaivable rights derived from common law" in Little v. Auto Stiegler, Inc., where wrongful termination claims were at issue. Little, 29 Cal. 4th 1064, 1079 (2003). In Armendariz, an employee was seeking to vindicate his statutory civil rights under the California Fair Employment and Housing Act ("FEHA"), in the presence of a mandatory employment arbitration agreement. The Court held that the imposition of substantial arbitration costs may "deter the exercise of the constitutional right of due process," and thus for the arbitration agreement to be enforced, under these circumstances, employers must bear this burden. Id. at 110.

Here, Plaintiffs are not party to a mandatory employment arbitration agreement, nor are they seeking to vindicate unwaivable statutory or nonstatutory rights, and thus the Armendariz cost arrangement provision is inapplicable. This court is unaware of any extension of this portion of Armendariz or Little into the realm of waivable rights, such as violations of either general contract law or California Labor Code §§ 201 or 203, where the agreement was not a mandatory condition of employment.

Plaintiffs knowingly and voluntarily agreed to arbitration under the employment agreements, as stated in the agreements' express terms.  Plaintiffs had the opportunity to negotiate or reject the arbitration clauses.  While "adhesion is not a prerequisite for unconscionability," Plaintiffs' alternative arguments of lack of notice and arbitration costs are unpersuasive for the reasons stated above.  Harper, 113 Cal. App. 4th at 1409.  It is well settled that where a party to an arbitration agreement is given an opportunity to decline that agreement, no finding of unconscionability is possible.  See Circuit City Stores, Inc. v. Ahmed, 283 F.3d 1198, 1199 (9th Cir. 2002); Circuit City Stores v, Inc. v. Najd, 294 F.3d 1104, 1108 (9th Cir. 2002).

To remedy this discrepancy, Plaintiffs argue that the employment agreements were mandatory, as the negotiability of the arbitration provisions was illusory.  Plaintiffs rely on Gentry v. Superior Ct., in which the California Supreme Court found an agreement to arbitrate to be procedurally unconscionable, even with the inclusion of a 30-day opt-out provision.  Gentry, 42 Cal. 4th 443 (2007).  Plaintiffs are incorrect in their assertion that the Gentry court found that "by simply including the arbitration clause," the employer made its preference for arbitration clear, and thus pressured the employee into agreement.  In Gentry, the employer included a standard arbitration clause in the agreement, but went on to provide employees with a "markedly one-sided" handbook touting "the virtues of arbitration," and show the employees a video presentation about arbitration.  Id. at 470, 475.
///

1 The Gentry court also noted that the employer was "in a position
2 to pressure employees to choose its favored option." Id. at 472.
3 Here, Plaintiffs have failed to show that they were either
4 coerced or pressured into agreement, and thus they have failed to
5 prove procedural unconscionability.
6    This Court does not find that the Defendants' inclusion of
7 an arbitration clause in a negotiable employment agreement, is,
8 standing alone, procedurally unconscionable.  This finding would
9 be contrary to the congressional intent behind the FAA, and is
10 unsupported by relevant case law.  Plaintiffs have failed to
11 prove the existence of either oppression or surprise.  Thus, this
12 Court finds no evidence of procedural unconscionability.  As
13 noted by the court in Gentry, should a court find that the
14 contract at issue is not procedurally unconscionable, the
15 "logical conclusion is that a court would have no basis under
16 common law unconscionability analysis to scrutinize or overturn
17 even the most unfair or exculpatory of contractual terms."
18 Gentry, 42 Cal. 4th at 470.  In this instance, it is not this
19 Court's place to remedy a party's poor negotiation performance.
20 Id.  Because the Court finds no evidence of procedural
21 unconscionability, it need not discuss substantive
22 unconscionability.  As the dispute must be arbitrated according
23 to the arbitration provisions of the employment agreements, this
24 Court need not discuss whether the Woodbury Agreement also
25 applies.  Accordingly, Umpqua's Motion to Compel Arbitration is
26 GRANTED.
27 ///
28 ///

11

**CONCLUSION**

Umpqua's Motion to Compel Arbitration is GRANTED.[1]  Court proceedings are hereby stayed, and the parties are ordered to submit to arbitration within forty-five (45) days of the date of this Order.

IT IS SO ORDERED.

Dated: August 4, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

12