UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

STEPHEN L. SWARBICK, CESAR          No. 2:08-cv-00532-MCE-KJM
LOPEZ, and ELIZABETH FESTEJO,

          Plaintiffs,

     v.                              MEMORANDUM AND ORDER

UMPQUA BANK, WESTERN SIERRA
NATIONAL BANK, and DOES 1
through 20, inclusive.

          Defendants.

                    ----oo0oo----


     Presently before the Court is a Motion by Defendant Umpqua
Bank ("Defendant") to Vacate the December 30, 2009 "Final
Arbitration Opinion and Award" issued in favor of Plaintiffs
Stephen L. Swarbick, Cesar Lopez, and Elizabeth Festejo
("Plaintiffs") pursuant to the Federal Arbitration Act, 9 U.S.C.
§ 1, et seq.  Concurrently before the Court is a Motion by
Plaintiffs for Confirmation of Arbitration Award pursuant to the
Federal Arbitration Act, 9 U.S.C. § 1, et seq.
///

1

Plaintiffs also move for attorney's fees and costs.  For the reasons set forth below, Defendant's Motion is denied and Plaintiffs' Motions are granted.[1]

**BACKGROUND**

In July 2003, Defendant[2] and Woodbury Financial Services ("Woodbury") entered into a Third-Party Brokerage Agreement whereby certain employees of Defendant would dually serve as Registered Representatives of Woodbury, selling financial products on their behalf.  Woodbury is a registered securities broker-dealer that provides administrative and clearing functions for institutions and brokers who cannot handle securities sales directly under federal law.  Plaintiffs served as such "dual agents" meaning that they were simultaneously employed by Defendant while selling securities as representatives of Woodbury.  Accordingly, Plaintiffs had an Employment Agreement contract with Defendant and a separate agreement with Woodbury. Securities sales were made either to customers of Defendant or through the dual agent's personal contacts.

///

///

---

[1] Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument.  Local Rule 230(g).

[2] Umpqua Bank acquired Western Sierra National Bank in 2006. The transactions described herein were entered into by Western Sierra prior to acquisition. Nonetheless, the Court will refer to all actions as being taken by "Defendant," as Umpqua Bank and Western Sierra National Bank are now a single legal entity.

As compensation for securities sold through Defendant and the dual agents, Woodbury paid a commission to Defendant on a semi-monthly basis.  However, pursuant to the Third-Party Brokerage Agreement, Defendant was not entitled to commissions for sales generated through the dual agents' personal contacts. Instead, it was the responsibility of Defendant to forward the appropriate funds to Plaintiffs.

However, commissions were not forwarded to Plaintiffs, and in 2008 Plaintiffs filed suit against Defendant alleging breach of contract to third-party beneficiaries, breach of fiduciary duties, unjust enrichment, breach of California Labor Code, and breach of Lopez's employment contract.  Pursuant to Plaintiffs' Employment Agreements the matter was then submitted to arbitration.  On December 30, 2009, the Arbitrator issued a Final Award granting damages to Plaintiffs on the grounds of breach of employment contract as to Plaintiff Lopez and breach of fiduciary duty as to Plaintiffs Swarbick and Festejo.  Attorney's costs and fees were awarded to Swarbick and Festejo.

Defendant now moves to vacate the award of damages and attorney's fees to Swarbick and Festejo on the allegation that the Arbitrator manifestly disregarded the law and issued an irrational and internally contradictory decision that fails to draw its essence from parties' contract.  Plaintiffs move for confirmation of the award due to Defendant's failure to remit damages as mandated by the Arbitrator's award. Plaintiffs also seek to recover the cost of enforcing the Award.

///

///

**STANDARD**

Judicial review of arbitration awards is heavily restricted by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., which "enumerates limited grounds on which a federal court may vacate, modify or correct an arbitral award." <u>Bosack v. Soward</u>, 586 F.3d 1096, 1102 (9th Cir. 2009). "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the statute, which is unambiguous in this regard." <u>Kyocera Corp. v. Prudential-Bache Trade Servs.</u>, 341 F.3d 987, 994 (9th Cir. 2003). Under the FAA, "a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11." <u>Hall St. Assocs., L.L.C., v. Mattel, Inc.</u>, 552 U.S. 576, 582 (2008) (<u>citing</u> 9 U.S.C. § 10(a)). Sections 10 and 11 authorize courts to vacate, modify, or correct an award for egregious departures from the parties' agreed-upon arbitration. <u>Id</u>. at 586.

Specifically, Section 10(a)(4) of the FAA permits courts to vacate arbitration awards "where the arbitrators exceed their powers." 9 U.S.C. § 10(a)(4). An arbitrator exceeds his powers where he demonstrates "manifest disregard of the law" or issues an award that is "completely irrational." <u>Kyocera</u>, 341 F.3d at 997. The burden of establishing grounds for vacating an arbitration award is on the party seeking it. <u>U.S. Life Ins. Co.v. Superior Nat. Ins. Co.</u>, 591 F.3d 1167, 1173 (9th Cir. 2010).

///

4

1    "Manifest disregard of the law" is established by a "clear"

2    showing from the record that "the arbitrator recognized the

3    applicable law and then ignored it." Comedy Club, Inc. v. Improv

4    West Assocs., 553 F.3d 1277, 1290 (9th Cir. 2009).  The "manifest

5    disregard" exception requires something beyond and different from

6    a mere error in the law or failure on the part of the arbitrators

7    to understand and apply the law.  Colling v. D.R. Horton, Inc.,

8    505 F.3d 874, 879 (9th Cir. 2007).  Accordingly, the court may

9    not reverse an arbitration award for erroneous interpretation of

10   the law.  Id.  Rather, there must be some evidence in the record,

11   other than the result, that the arbitrators were aware of the law

12   and intentionally disregarded it.  Bosack, 586 F.3d at 1104.

13       The "completely irrational" standard is extremely narrow and

14   is satisfied only where the arbitration decision fails to draw

15   its essence from the agreement.  Comedy Club, 553 F.3d at 1288.

16   An award draws its essence from the agreement if the award is

17   derived from the agreement, viewed in light of the agreement's

18   language and context, as well as other indications of the

19   parties' intentions.  Bosack, 586 F.3d at 1106.  Under this

20   standard of the review, the court does not decide "the rightness

21   or wrongness of the arbitrators' contract interpretation, only

22   whether the panel's decision draws its essence from the

23   contract."  Id.

24   ///

25   ///

26   ///

27   ///

28   ///

5

An arbitrator does not exceed his authority "if the decision is a plausible interpretation of the arbitration contract." U.S. Life Ins., 591 F.3d at 1177.  Accordingly, "the court must defer to the arbitrator's decision as long as the arbitrator even arguably construed or applied the contract."  Id. (citing United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 38 (1987)).

**ANALYSIS**

**I.   MOTION TO VACATE/MOTION TO CONFIRM**

Defendant bases its Motion to Vacate on belief that the Arbitrator's award exhibited "manifest disregard of the law" or was "completely irrational" in that it relied on the same contractual provisions in denying damages in one instance yet awarding damages in another.  Defendant argues that because the Arbitrator found that Plaintiffs did not have contractual rights under the third-party agreement, it was therefore contradictory for the Arbitrator to rely on that same agreement in finding a breach of fiduciary duty.

However it is both plausible and rational that the Arbitrator, in addressing two different legal claims, would arrive at two different results.  The legal standard applicable to the determination of third-party beneficiary status is separate from the question of fiduciary duty.

To qualify as an third-party beneficiary to a contract, a Plaintiff must show that the contract reflects an express or implied intention of the parties to the contract to benefit the third party.  County of Santa Clara v. Astra USA, Inc., 588 F.3d 1237, 1244 (9th Cir. 2009).

1    In denying Plaintiffs' third-party beneficiary claim, the

2    Arbitrator reasoned that "there is insufficient proof that the

3    claimants are more than incidental beneficiaries under the terms

4    of the Woodbury agreement." "A careful reading of [the brokerage

5    agreement] demonstrates that it does not spell out expressly a

6    duty to pay [Plaintiffs] non-referral commissions."  Ultimately,

7    Plaintiffs' third-party beneficiary claim was denied for lack of

8    intentional conferral of a benefit.

9         Conversely, a breach of fiduciary duty claim does not

10   require a showing of intent.  Rather, breach of fiduciary duty

11   requires (1) the existence of a duty (2) breach, and (3) damages

12   proximately caused by the breach.  <u>Goodworth Holdings, Inc. v.</u>

13   <u>Suh</u>, 99 Fed. Appx. 806, 808 (9th Cir. 2009).  The Arbitrator held

14   that "[s]ince Plaintiffs were employed by [Defendant] under a

15   dual relationship...[Defendant] voluntarily assumed disbursement

16   obligations for funds forward by Woodbury that [Defendant] was

17   not permitted to retain under the distinguishing terms of the

18   Woodbury brokerage agreement."  In holding that a fiduciary duty

19   did exist, the Arbitrator took into account both Defendant's role

20   as Plaintiffs' employer and the portions of the agreement which

21   outlined how Defendant was to be compensated.  This analysis is

22   separate from the inquiry of whether the agreement was *expressly*

23   *intended* to benefit Plaintiffs as third parties.  Accordingly,

24   the Arbitrator could rationally find, in light of the applicable

25   law and upon consideration of terms of the contract, that a

26   fiduciary duty was established by the parties' agreement but

27   third-party beneficiary rights were not.

28   ///

Defendant has failed to show that the Arbitrator exceeded his power.  There is no evidence on the record that the Arbitrator exhibited manifest disregard of the law.  Nor is there evidence that the award failed to draw its essence from the contract therefore rendering it "completely irrational."  The court must defer to the arbitrator's decision as long as the arbitrator even arguably construed or applied the contract.  U.S. Life Ins. Co. v. Superior Nat. Ins. Co., 591 F.3d 1167, 1177 (9th Cir. 2010). He has done so here.

Defendant similarly seeks to vacate the Arbitrator's award of attorney's fees and costs arguing that recovery on a tort claim cannot form the basis of an award of attorneys fees. Defendant relies on Exxess Electronixx, et al v. Heger Realty Corp., for this proposition.  However, as Exxess itself points out, "as to tort claims the question of whether to award attorney's fees turns on the language of the contractual attorney's fee provision, i.e., whether the party seeking fees has 'prevailed' within the meaning of the provision and whether the type of claim is within the scope of the provision."  Exxess Electronixx, et al v. Heger Realty Corp., 64 Cal. App. 4th 698, 708 (1998).

Here, parties were compelled to arbitration based upon the arbitration provision of their Employment Agreements.  (Order Granting Def.'s Mot. to Compel pg. 11; Pls.' Ex. "A" to Murphy Decl. pg. 9)  The Employment Agreements go on to state that:

///

///

///

> In the event of any arbitration or litigation concerning any controversy, claim or dispute between the parties hereto, arising out of or relating to this Agreement or the breach thereof, or the interpretation thereof, the **prevailing party shall be entitled to recover from the losing party reasonable expenses**, attorneys' fees incurred in connection therewith or in the enforcement or collection of any judgement of award rendered therein.

(Pls.' Ex. "A" to Murphy Decl. pg. 10 (emphasis added)).  Based on these contractual terms, the Court finds that the Arbitrator did not exceed his powers in awarding Plaintiffs, as the prevailing parties of arbitration, attorney's fees and costs.

Defendant's Motion to Vacate is denied.

**II.  MOTION FOR COSTS AND ATTORNEY'S FEES**

Plaintiffs seek to recover additional attorney's fees and costs incurred in the enforcement of the arbitration award. Pursuant to the aforementioned contractual provisions, the Employment Agreement, which mandated parties' arbitration, allows for such recovery.  Accordingly, the Court grants Plaintiffs' request for costs at the amount estimated by Plaintiffs minus Plaintiffs' projection of the cost of hearing as the hearing on this matter has been vacated under Local Rule 230(g).

///

///

///

///

///

///

**CONCLUSION**

For the foregoing reasons, Defendant's Motion to Vacate Arbitration Award (Docket No. 26) is DENIED.  Plaintiffs' Motion for Confirmation of Arbitration Award (Docket No. 29) is GRANTED. Plaintiffs are further awarded attorney's fees and costs incurred in the enforcement of the arbitration award at the amount of $26,075.  The Clerk is directed to enter judgement in favor of Plaintiffs in accordance with the December 30, 2009 "Final Arbitration Opinion and Award."  The Clerk is further directed to close the case.

IT IS SO ORDERED.

Dated: February 26, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE