1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11   STEPHEN L. SWARBICK, CESAR          No. 2:08-cv-00532-MCE-KJM
     LOPEZ, and ELIZABETH FESTEJO,
12
              Plaintiffs,
13
        v.                              MEMORANDUM AND ORDER
14
     UMPQUA BANK, WESTERN SIERRA
15   NATIONAL BANK, and DOES 1
     through 20, inclusive.
16
              Defendants.
17

18                         ----oo0oo----

19

20       Presently before the Court is a Motion by Defendant Umpqua

21   Bank ("Defendant") to Confirm Satisfaction of Judgment paid to

22   Plaintiffs Stephen L. Swarbick and Elizabeth Festejo

23   ("Plaintiffs") pursuant to the December 30, 2009 "Final

24   Arbitration Opinion and Award" issued in favor of Plaintiffs, and

25   subsequently confirmed by this Court on February 26, 2010.

26   ///

27   ///

28   ///

                                1

1 A dispute has arisen between the parties as to whether federal

2 and state payroll taxes should be withheld from the judgment to

3 be paid to Plaintiffs.[1]  The parties have stipulated that the

4 issue be submitted to this Court for resolution.  For the reasons

5 set forth below, the Court finds that the judgment in favor of

6 Plaintiffs is not subject to payroll tax, and resultantly

7 Defendant's Motion to Confirm is denied.[2]

8

9 **BACKGROUND**

10

11 In July 2003, Defendant[3] and Woodbury Financial Services

12 ("Woodbury") entered into a Third-Party Brokerage Agreement

13 whereby certain employees of Defendant would dually serve as

14 Registered Representatives of Woodbury, selling financial

15 products on their behalf.  Woodbury is a registered securities

16 broker-dealer that provides administrative and clearing functions

17 for institutions and brokers who cannot handle securities sales

18 directly under federal law.

19 ///

20

21

22 [1] This issue only Pertains to Plaintiffs Swarbick and Festejo.  Defendant states it has paid the judgment awarded to Plaintiff Cesar Lopez and that Mr. Lopez has provided a full

23 satisfaction of judgment.

24 [2] Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral

25 argument.  Local Rule 230(g).

26 [3] Umpqua Bank acquired Western Sierra National Bank in 2006. The transactions described herein were entered into by Western

27 Sierra prior to acquisition.  Nonetheless, the Court will refer to all actions as being taken by "Defendant," as Umpqua Bank and

28 Western Sierra National Bank are now a single legal entity.

1  Plaintiffs served as such "dual agents" meaning that they were

2  simultaneously employed by Defendant while selling securities as

3  representatives of Woodbury.  Accordingly, Plaintiffs had an

4  Employment Agreement contract with Defendant and a separate

5  agreement with Woodbury.  Securities sales were made either to

6  customers of Defendant or through the dual agent's personal

7  contacts.

8      As compensation for securities sold through Defendant and

9  the dual agents, Woodbury paid a commission to Defendant on a

10 semi-monthly basis.  However, pursuant to the Third-Party

11 Brokerage Agreement, Defendant was not entitled to commissions

12 for sales generated through the dual agent's personal contacts.

13 Instead, it was the responsibility of Defendant to forward the

14 appropriate funds to Plaintiffs.

15     However, commissions were not forwarded to Plaintiffs, and

16 in 2008 Plaintiffs filed suit against Defendant alleging breach

17 of contract to third-party beneficiaries, breach of fiduciary

18 duties, unjust enrichment, and breach of California Labor Code.

19 Pursuant to Plaintiffs' Employment Agreements, the matter was

20 then submitted to arbitration.  On December 30, 2009, the

21 Arbitrator issued a Final Award granting damages to Plaintiffs on

22 the grounds of breach of fiduciary duty.  Attorney's costs and

23 fees were awarded to Swarbick and Festejo.

24     On February 26, 2010, The court confirmed the Arbitration

25 Award issued in favor of Plaintiffs.  Defendant subsequently

26 submitted to Plaintiffs checks for payment of judgment from which

27 it withheld state and federal payroll taxes.

28 ///

1  Plaintiffs have refused to accept the checks as satisfaction of

2  judgment, arguing that Defendant is not entitled to withhold

3  payroll taxes.  Plaintiffs assert that the damages awarded was

4  not based on income owed by Defendant but rather on commissions

5  paid to them by Woodbury which Defendant was required to

6  dispense.

7

8                          **STANDARD**

9

10    Under the Federal Insurance Contributions Act ("FICA"), both

11 an employer and employee are liable for employment taxes on

12 wages.  See 26 U.S.C. § 3101 et seq.  FICA defines "wages" as

13 "all remuneration for employment, including the cash value of all

14 remuneration (including benefits) paid in any medium other than

15 cash."  26 U.S.C. § 3121(a).  FICA goes on to define employment

16 as "any service, of whatever nature, performed...by an employee

17 for the person employing him."  26 U.S.C. § 3121(b).

18    The Supreme Court and the Ninth Circuit have emphasized the

19 broad nature of Section 3121(b)'s definition of "employment",

20 holding that, "'Service' as used by Congress in this definitive

21 phrase means not only work actually done but the entire employer-

22 employee relationship for which compensation is paid to the

23 employee by the employer."  Rivera v. Baker West, Inc, 430 F.3d

24 1253, 1258-59 (9th Cir. 2005) (citing Soc. Sec. Bd. v. Nierotko,

25 327 U.S. 358, 365 (1946)).

26 ///

27 ///

28 ///

1  **ANALYSIS**

2

3       Defendant argues that it could face tax liability for

4  failing to withhold payroll taxes from the judgment.  Indeed, the

5  Ninth Circuit has recognized that employee income derived from

6  settlements arising out of the employer-employee relationship do

7  constitute as "wages" for taxable withholding purposes.  Rivera,

8  430 F.3d at 1259.

9       However the question here is not whether an employer must

10 withhold taxes from an employment judgment, the question is

11 whether the judgment award in this case arises out of

12 "employment" as that term is defined by FICA.  The Court finds

13 that it does not.

14      In issuing judgment, the Arbitrator found the Defendant had

15 an affirmative fiduciary duty to forward to Plaintiffs non-

16 referral commissions for securities sold through personal

17 contacts.  These funds came not from Defendant's own coffers, but

18 rather in a check from Woodbury commingling commissions for both

19 referral and non-referral work.  Pursuant to the Arbitrator's

20 findings, Defendant was not entitled to the commissions for non-

21 referral work and consequently Defendant was ordered to pay said

22 commissions to Plaintiffs.  The money that was to be issued by

23 Defendant was not remuneration for services performed by an

24 employee for the person employing him.  Rather, the money was

25 compensation for improperly withheld commissions independently

26 earned by Plaintiffs via their contract with Woodbury.

27 ///

28 ///

1   Although Defendant had a separate employment relationship with

2   Plaintiffs, it was Woodbury that paid commissions to Plaintiffs

3   for their non-referral work.  As regards those funds, Defendant

4   was no more than a middle-man with a fiduciary duty to forward

5   the funds to Plaintiffs.

6       Because the judgment award was based solely on non-referral

7   funds improperly held by Defendant, such judgment does not

8   constitute as "wages" subject to tax withholding.

9

10                            **CONCLUSION**

11

12      For the foregoing reasons, Defendant's Motion to Confirm

13  Judgment (Docket No. 40) is DENIED.  Defendant is directed to

14  remit full satisfaction of judgment to Plaintiffs.

15      IT IS SO ORDERED.

16  Dated: June 22, 2010

17

18  _____

19  MORRISON C. ENGLAND, JR.
    UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

                                6